**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

SHELDON DEAN CHRISTOPHER WATT                                PETITIONER
Reg. #26435-018

V.                          NO. 2:15cv00081-JLH-JTR

C.V. RIVERA, Warden                                          RESPONDENT
FCI Forrest City Low

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Background**

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Sheldon Dean Christopher Watt ("Watt"), an inmate in the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"). *Doc. 1*. In his habeas papers, he challenges the Bureau of Prisons' ("BOP") denial of a "nearer release

transfer" based on an allegedly "erroneous" immigration detainer.[1]

Before addressing Watt's claims, the Court will review the relevant procedural history. According to Watt, he was born in Jamaica but entered the United States when he was three years old. In 1993, when he was twelve years old, his biological parents became naturalized American citizens. Watt claims that, because his parents became American citizens before his eighteenth birthday, he also gained "derivative citizenship" at that time. *Doc. 1 at 5, 11, 19; Doc. 13*.

In September 2006, Watt was convicted, in the Middle District of Florida, of: (1) conspiracy to assault with intent to rob a United States Post Office employee; (2) assault with intent to rob a United States Post Office employee; (3) use and carrying of a firearm in relation to a crime of violence; (4) receipt, possession, concealment or disposal of unlawfully obtained United States mail; and (5) possession of an unlawful firearm. *United States v. Watt*, M.D. Fla. No. 5:06-cr-00032-WTH. On December 28, 2006, he was sentenced to an aggregate imprisonment term of 240 months in the BOP.[2] *Doc. 6-1*. The Presentence Investigation Report stated that he was a Jamaican citizen with "resident alien" status. *Doc. 6-2 at 3*.

On July 25, 2007, the Eleventh Circuit Court of Appeals affirmed Watt's

---

[1] A "nearer release transfer" moves an inmate closer to his or her legal residence or release destination. BOP Program Statement 5100.08, ch. 7, p.4 ¶ 2 (2006) (*Doc. 6-4*).

[2] According to the BOP website, Watt has a release date of December 18, 2023.

2

convictions. *United States v. Watt*, 243 F. App'x 512 (11th Cir. 2007).

On September 11, 2007, the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), sent to the BOP an "Immigration Detainer - Notice of Action." *Doc. 6-3*. The detainer stated: (1) Watt's "nationality" is Jamaican; (2) an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States"; and (3) the document should be "accept[ed] as a detainer," but was "for notification purposes only" and did not "limit [the BOP's] discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive." Finally, the detainer requested the BOP to notify ICE at least thirty days prior to Watt's release. *Id.*

On October 8, 2014, while incarcerated at FCI-FC, Watt submitted an "Informal Resolution Attempt" challenging the BOP's denial of his request for a "closer-to-home transfer." *Doc. 1 at 19*. FCI-FC staff responded that, pursuant to BOP Program Statement 5100.08,[3] Watt was not eligible for transfer because he had "a detainer for possible deportation filed by [ICE]." *Id. at 18*. Watt then filed a formal grievance,

---

[3]The policy provides: "Inmates with an Order for Deportation, an Order of Removal, an ICE detainer for an unadjudicated offense(s) or an ICE detainer for a hearing will not be transferred for nearer release purposes since they will be returning to the community outside, rather than inside, the United States upon release." BOP Program Statement 5100.08, ch. 7, p.4 ¶ 2.

which the warden rejected. *Id. at 17*. Watt appealed. *Id. at 15*.

On December, 12, 2014, the BOP Regional Director denied his appeal, stating that the warden had "appropriately addressed [Watt's] concerns," based on BOP Program Statement 5100.08 and Watt's status as a Jamaican citizen, with an ICE detainer for possible deportation lodged against him. The Regional Director stated that, if it was later determined that Watt would not be deported, he would be considered for a nearer release transfer at that time. *Id. at 13*.[4]

On June 4, 2015, Watt initiated this § 2241 action. He argues that the BOP is improperly denying him a "nearer release transfer" due to the ICE detainer, which allegedly is based on erroneous information that he not a United States citizen. *Doc. 1*. He argues that the detainer, and the BOP's denial of transfer based on that detainer, violate his constitutional rights as a United States citizen. *Doc. 10 at 3-5*. Respondent contends that Watt's claims are not cognizable in a federal habeas action. *Doc. 6*.

For the reasons explained below, the Court recommends that Watt's claims be dismissed for lack of jurisdiction.

## II. Discussion

---

[4]Although Watt appealed the Regional Director's decision to the Central Office, his appeal was rejected because he did not provide copies of all relevant documents. *Doc. 1 at 10*. Respondent does *not* argue that Watt's § 2241 action should be dismissed for failure to fully exhaust the BOP's administrative review process.

### A. Watt's Challenge to Immigration Detainer

"The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *see* 28 U.S.C. § 2241(c)(3) (the "writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The filing of an immigration detainer, merely notifying prison officials that a decision regarding deportation will be made at some future date, does not place a prisoner "in custody" for purposes of challenging that detainer by way of a writ of habeas corpus. *Campillo*, 853 F.2d at 595.[5]

Watt is not presently in custody on any immigration charges. Rather, he is in BOP custody serving his 240-month federal sentence. He "may not challenge the [immigration] detainer until he is placed in the custody of [ICE], an event which will not occur until [he] is released from his present term of confinement." *Id.* Therefore, Watt cannot satisfy the "in custody" requirement necessary to establish federal habeas jurisdiction to challenge the validity of the immigration detainer.[6]

---

[5]*Accord: Perez-Ramirez v. Lindemann*, 20 F. App'x 568, 568 (8th Cir. 2001) ("[T]he filing of an [INS] detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Perez-Ramirez's deportation, does not create custody supporting habeas corpus jurisdiction[.]"); *Belasco v. Snyder*, 208 F.3d 217, *1 (8th Cir. 2000) (same); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989) (same).

[6]Respondent points out that, despite the unavailability of § 2241 relief, Watt has other means for challenging the allegedly "erroneous" detainer and asserting a derivative citizenship claim. *Doc. 6 at 4-5*; *see generally Parsard v. United States*, 2014 WL 1247805, *2 (S.D. Ga.

**B.     Watt's Challenge to BOP's Denial of "Nearer Release Transfer"**

The Court also lacks jurisdiction to consider the *effect* of the immigration detainer on Watt's eligibility for a nearer release transfer.

The Eighth Circuit has held that, if a habeas petitioner is not challenging the validity of his criminal conviction or sentence, or the length of his confinement, a habeas court lacks jurisdiction to grant relief. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996).[7] Importantly, Watt does not challenge his federal convictions or sentence, nor does he seek a remedy that would result in an earlier release from prison. Rather, his claim

---

Mar. 25, 2014).

    First, when there are 48-60 months remaining on Watt's federal sentence, he will be referred for transfer to a BOP facility close to the eventual area of deportation. At that time, ICE can initiate deportation proceedings, and, if it does so, Watt can contest the detainer and advance his derivative citizenship claim. *See* BOP Program Statement 5111.04 (2006) (*Doc. 6-5*). If he is unsuccessful, he may seek judicial review of a final order of removal in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(a)(5) & (b)(2).

    Second, federal law provides an administrative process for individuals to apply for derivative citizenship and appeal an unfavorable determination. 8 U.S.C. § 1452(a); 8 C.F.R. § 341.1. Once administrative remedies are exhausted, the individual may seek judicial review in the appropriate District Court. 8 U.S.C. § 1503(a).

    Finally, ICE has established a toll-free hotline that individuals may call with general inquiries and concerns about immigration enforcement and allegedly improper detention. *See Doc. 6-6* and https://www.ice.gov/contact/detention-information-line.

[7]Habeas corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). A civil rights complaint, on the other hand, "is a proper remedy for a ... prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

concerns only where the remainder of his 240-month sentence should be served. Thus, Watt has raised a conditions-of-confinement claim that cannot be properly brought and maintained in a federal habeas action. *See Spencer*, 774 F.3d at 470.[8]

concerns only where the remainder of his 240-month sentence should be served. Thus, Watt has raised a conditions-of-confinement claim that cannot be properly brought and maintained in a federal habeas action. *See Spencer*, 774 F.3d at 470.[8]

For the reasons that follow, the Court declines to recharacterize Watt's claim as a civil rights action because it is clear that he has not stated a cognizable constitutional claim.[9] Liberally construing his § 2241 pleadings and attachments, Watt argues that, by denying his request for transfer to a federal prison closer to his family and release destination, the BOP has subjected him to due process violations and "invidious discrimination" because he is being treated differently from other "similarly situated" United States citizens requesting to be placed nearer their families.[10] *See Doc. 1 at 5, 11, 15, 17, 19; Doc. 10 at 3-5.*

The Supreme Court has made it clear that a prisoner has no constitutional right to incarceration in any particular correctional facility. *Olim v. Wakinekona*, 461 U.S.

---

[8]*See also Dazza v. Hollingsworth*, 2013 WL 6187422, *2 (D.N.J. Nov. 26, 2013) (dismissing, for lack of jurisdiction, federal inmate's § 2241 action challenging BOP's denial of "nearer release" transfer based on his immigration detainer).

[9]*See Spencer*, 774 F.3d at 471 (before dismissing habeas petition raising conditions-of-confinement claims, District Court should consider whether the prisoner has raised a "potentially viable" constitutional claim and, if so, whether his case should be recharacterized as a civil rights action).

[10]The Fifth Amendment's due process clause contains an equal protection component, prohibiting the federal government from "invidiously discriminating" between individuals or groups. *Washington v. Davis*, 426 U.S. 229, 239 (1976).

7

238, 245-46 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("[T]he Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison," and "the Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system.").

Instead, the BOP is vested with "broad discretion" in choosing the location of an inmate's imprisonment and in determining if or when an inmate should be transferred from one institution to another. *See Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006); 18 U.S.C. § 3621(b) (setting forth criteria for BOP to consider in making placement and transfer determinations). Acting within that discretion, the BOP has implemented a policy excluding inmates with immigration detainers from eligibility for "nearer release transfers" because they potentially will be returning to the community outside, rather than inside, the United States upon release. BOP Program Statement 5100.08 ch. 7, p.4 ¶ 2.

Because Watt had no constitutional right to *any* transfer, much less a "nearer release transfer," the BOP acted well within its discretion in applying its established policy to deny his requested transfer based on its records and the immigration

detainer. Moreover, he was afforded the opportunity to protest application of that policy through the BOP's administrative process, and he has not shown that he was treated differently from similarly situated inmates, *i.e.*, other inmates with immigration detainers.

Finally, the Eighth Circuit has expressly held that prison officials may consider an immigration detainer in making discretionary decisions regarding a prisoner's security and custody classification. *Perez-Ramirez*, 20 F. App'x at 568-69; *Belasco*, 208 F.3d 217, at *1; *Mohammed*, 866 F.2d at 260; *see Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (parole-violator detainer which adversely affects a federal prisoner's classification and eligibility for rehabilitative programs does not implicate a due process right because "Congress has given federal prison officials full discretion to control these conditions of confinement"). The same rationale applies to the BOP's discretionary decisions regarding transfers.

Thus, this § 2241 habeas action should be dismissed, in its entirety, for lack of jurisdiction.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED, and that this case be dismissed, without

prejudice.

    DATED this 1st day of April, 2016.

                                                                      *J. Thomas Ray*
                                                      UNITED STATES MAGISTRATE JUDGE